1  Sandra A. Edwards (SBN: 154578)
   sedwards@winston.com
2  Dana L. Cook-Milligan (SBN: 301340)
   dlcook@winston.com
3  WINSTON & STRAWN LLP
   101 California Street, 34th Floor
4  San Francisco, CA  94111-5840
   Telephone:     (415) 591-1000
5  Facsimile:      (415) 591-1400

6  Sean G. Wieber (*pro hac vice forthcoming*)
   swieber@winston.com
7  Kevin Simpson (*pro hac vice forthcoming*)
   ksimpson@winston.com
8  WINSTON & STRAWN LLP
   35 W. Wacker Drive
9  Chicago, IL 60601-9703
   Telephone:     (312) 558-5600
10 Facsimile:      (312) 558-5700

11 Attorneys for Defendant
   SANCTUS LLC d/b/a SHIFT DIGITAL
12

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AMY WYNNE, individually, and on behalf of a class of similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>AUDI OF AMERICA, AUDI OF AMERICA, LLC, SANCTUS LLC, DBA SHIFT DIGITAL, SHIFT DIGITAL, LLC, VOLKSWAGEN GROUP OF AMERICA, INC. and DOES 1-50 inclusive,<br><br>Defendants. | **Case No.  3:21-cv-08518**<br><br>[*Superior Court of California, County of Marin, Case No. CIV 2102450*]<br><br>**DEFENDANT SANCTUS LLC D/B/A SHIFT DIGITAL'S NOTICE OF REMOVAL** |

**TO PLAINTIFF, HER ATTORNEYS OF RECORD, AND TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that Defendant SANCTUS LLC, d/b/a SHIFT DIGITAL ("Shift Digital" or "Defendant"), by and through its attorneys of record, hereby removes to this Court the state court action as described below.

## INTRODUCTION

1. On or about June 18, 2021, Plaintiff AMY WYNNE ("Plaintiff") filed a Complaint in the Superior Court of the State of California, County of Marin, under case number CIV 2102450, commencing this putative class action. A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

2. On September 24, 2021, Plaintiff filed an Amended Complaint wherein Plaintiff named Defendants Audi of America, LLC,[1] Sanctus LLC, d/b/a Shift Digital,[2] and Volkswagen Group of America, Inc. as additional parties to the case.

3. Plaintiff's Amended Complaint contains two causes of action: (1) Violation of California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200 *et seq*.) and (2) Violation of California's Consumer Privacy Act (Cal. Civ. Code § 1798.150 *et seq*.). A true and correct copy of the Amended Complaint is attached as **Exhibit B**.

4. Defendant Shift Digital was served via its registered agent on October 4, 2021. A true and correct copy of the Notice of Service of Process is attached as **Exhibit C**.

5. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b), which requires a Notice of Removal to be filed within thirty (30) days "after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b). *See also Murphy Brothers, Inc. v. Michetti Pipe*

---

[1] The Amended Complaint also named "Audi of America" as a defendant. This entity is the same as Audi of America, LLC.
[2] The Amended Complaint also named "Shift Digital, LLC" as a defendant. Plaintiff subsequently dismissed that entity on October 12, 2021. A true and correct copy of the request for partial dismissal is attached as **Exhibit D**.

*Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) ("[D]efendant's time to remove is triggered by simultaneous service of the summons and complaint . . . but not by mere receipt of the complaint unattended by any formal service.").

## JURISDICTION

6. This Court has original jurisdiction over this putative class action, and this action may be removed to this Court, under the Class Action Fairness Act ("CAFA"). Pub. L. No. 109-2, 119 Stat. 4 (codified in pertinent part in 28 U.S.C. § 1332(d)).

7. A "class action" under CAFA includes any civil action filed under Federal Rule of Civil Procedure 23 or a "similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Plaintiff brings this putative class action pursuant to Cal. Code Civ. Proc. § 382, Complaint, ¶ 37, which is California's equivalent of Federal Rule of Civil Procedure 23. *See* Cal. Code Civ. Proc. § 382 ("[W]hen the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all."); *see also* 28 U.S.C. §§ 1332(d)(1)(B). This action therefore meets CAFA's definition of a "class action."

8. As set forth below, this action meets CAFA's requirements, *see* 28 U.S.C. §§ 1332(d)(2)(A), (d)(5)(B), and (d)(6), because it is a putative class action in which: (1) Plaintiff alleges there are more than 100 members in the putative class; (2) at least one member of the proposed class is a citizen of a different state than Shift Digital; and (3) based on the allegations in the Amended Petition, the aggregated amount in controversy exceeds $5,000,000, exclusive of interest and costs.

**A.   Plaintiff's Proposed Class Consists of More than 100 Members.**

9. CAFA jurisdiction attaches where the number of members of the proposed class (or classes in the aggregate) is 100 or more. 28 U.S.C. § 1332(d)(5)(B).

10. In the Amended Complaint, Plaintiff purports to seek damages on behalf of herself and an alleged class of "[a]ll Volkswagen of America, Inc./Audi customers and interested buyers residing in California whose PII was accessed or otherwise compromised in the Data Breach, which, according to the Notice of Data Breach provided by Volkswagen of America, Inc./Audi, occurred at some point

between August 2019 and May 2021." Am. Compl. ¶ 37.

11. Plaintiff alleges that there are approximately 3.3 million individuals affected by the alleged data incident, and "at least in the tens of thousands" are California residents and thus members of the proposed class. *Id.* at ¶ 38.

12. Accordingly, CAFA's requirement of 100 or more proposed class members has been met.

### B. Minimal Diversity Exists.

13. CAFA requires that the parties in the proposed class action are minimally diverse. *See* 28 U.S.C. § 1332(d)(2)(A) ("The district courts shall have original jurisdiction of any civil action in which . . . (A) any member of a class of plaintiffs is a citizen of a State different from any defendant"). As set forth below, Plaintiff is a citizen of California, and no other Defendant is a citizen of California.

#### i. Plaintiff's Citizenship

14. Based on the allegations in the Amended Complaint, Plaintiff is a resident of the State of California and resides in Marin County. For purposes of evaluating diversity, a person is a "citizen" of the state in which he or she is domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983); *see also Kantor v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return.").

#### ii. Defendants' Citizenship

15. Defendants are corporate entities. For the purpose of diversity jurisdiction, a corporation "shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business . . ." 28 U.S.C. § 1332(c)(1).

16. A corporation's "principal place of business" is its nerve center, which is "the place where a corporation's officers direct, control, and coordinate the corporation's activities" and in practice "the place where the corporation maintains its headquarters . . ." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010). The "nerve center" test points courts "in a single direction" and thus courts "do not have to try to weigh corporate functions, assets, or revenues different in kind, one from the other." *Id.* at 96.

1     17.    Although a corporation may operate in the state of a plaintiff's citizenship, this will not necessarily defeat diversity, as citizenship is determined by the "nerve center" test rather than by evaluating the many locations a corporation may operate. *See Meraz v. Broad. Music, Inc.*, 2019 WL 181895, at *2 (C.D. Cal. Jan. 14, 2019) (finding a defendant corporation was not a citizen of California, even though it operated there, because it is headquartered in New York).

    18.    For the purpose of removal of class actions under 28 U.S.C. § 1453, "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10).

    19.    <u>Sanctus LLC, d/b/a Shift Digital's citizenship</u>: Shift Digital is a limited liability company organized in Michigan and headquartered in Birmingham, Michigan.

    20.    <u>Audi of America, LLC's citizenship</u>: Audi of America, LLC has its corporate headquarters in Herndon, Virginia, and is incorporated in New Jersey.

    21.    <u>Volkswagen Group of America, Inc.'s citizenship</u>: Volkswagen Group of America, Inc. has its corporate headquarters in Herndon, Virginia, and is incorporated in the state of New Jersey.

    22.    The caption also lists "DOES 1-50, inclusive" as defendants. There are no "Doe Defendants" in federal district court. For purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 USC § 1441(b)(1).

    23.    Under CAFA, only minimal diversity is required. *Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1277 (9th Cir. 2017). Because at least one member of the putative class is diverse from at least one defendant—indeed, Plaintiff is diverse from *every* Defendant—minimal diversity exists. 28 U.S.C. § 1332(d)(2)(A).

**C.**    **The Amount in Controversy Alleged Exceeds $5 Million.**

    24.    Under CAFA, a district court shall have original jurisdiction "of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive or interests and costs." 28 U.S.C. § 1332(d)(2). For the purpose of determining the amount in controversy, "the claims of the individual class members shall be aggregated." *Id.* § 1332(d)(6). Although Plaintiff does not allege the total amount of damages sought, the amount-in-controversy threshold is met here based on Plaintiff's allegations in the Amended Complaint and the facts set forth below.

25. The amount in controversy is first determined by reviewing the allegations of the operative complaint. *See Anderson v. Seaworld Parks & Entm't, Inc.*, 132 F. Supp. 3d 1156, 1160 (N.D. Cal. 2015) ("When determining the amount in controversy, the Court first considers whether it is 'facially apparent' from the complaint that the jurisdictional minimum has been satisfied.").

26. Plaintiff alleges a class action composed of "tens of thousands" of California residents. Am. Compl. at ¶ 38. Based on the alleged violation of the California Consumer Privacy Act (Am. Compl. at ¶ 56), Plaintiff alleges the putative class is entitled to recover "statutory damages in an amount not less than one hundred dollars ($100) and not greater than seven hundred and fifty ($750) per Class Member per incident as well as injunctive or declaratory relief." *Id*. at ¶ 61.

27. "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability. In that sense, the amount in controversy reflects the *maximum* recovery the plaintiff could reasonably recover." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019) (internal citation removed, emphasis added); *see also Saulic v. Symantec Corp.*, 2007 WL 5074883, at *4 (C.D. Cal. Dec. 26, 2007) ("Courts as a matter of law, calculate the amount in controversy based upon the maximum amount of civil penalties available to plaintiff.").

28. Plaintiff alleges that each putative class member may recover statutory damages of $750. Plaintiff further alleges that the size of the putative class is "at least in the tens of thousands," meaning at least 20,000. Thus, at a minimum, the aggregate amount in controversy under the California Consumer Privacy Act is $15 million (20,000 x $750).

29. The amount in controversy also includes the value of Plaintiff's allegations under California's Unfair Competition Law (Am. Compl. at ¶ 46), the requested award for "equitable relief" sought (*Id*. at 14), and any "reasonable attorney's fees, costs, and litigation expenses, as allowable by law" (*Id*.).[3] Shift Digital has not calculated these additional amounts, as $15 million is already sufficient to reach the necessary amount in controversy. However, these other forms of relief sought by Plaintiff confirm that the $5 million CAFA threshold has been met. Accordingly, the amount in

---

[3] "[W]hen a statute or contract provides for the recovery of attorneys' fees, prospective attorneys' fees must be included in the assessment of the amount in controversy." *Arias*, 936 F.3d at 922.

controversy requirement is easily satisfied.[4]

## VENUE

30. This action was filed in the Superior Court of the State of California in and for the County of Marin. Venue therefore properly lies in the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 84(a), 1391, and 1441(a).

31. The state court action was commenced in the Superior Court of the State of California in and for the County of Marin. Pursuant to Northern District of California, Local Rule 3-2(d), civil actions arising in the County of Marin shall be assigned to the San Francisco Division or Oakland Division. Thus, this action may be properly assigned to the San Francisco Division or Oakland Division.

## JOINDER

32. Upon information and belief, Audi of America, LLC has been served. Upon information and belief, service has not yet been completed on Volkswagen Group of America, Inc. Volkswagen Group of America, Inc. has received the Summons, Amended Complaint, and Notice of Acknowledgement of Receipt. Counsel for Shift Digital has conferred with counsel for Audi of America, LLC and Volkswagen Group of America, Inc., and they consent to join this removal.[5]

## COMPLIANCE WITH OTHER STATUTORY REQUIREMENTS

33. Pursuant to 28 U.S.C. § 1446(d), contemporaneously with the filing of this Notice of Removal with this Court, written notice of such filing will be given by the undersigned to Plaintiff, and a copy of the Notice of Removal will be filed with the Clerk of the County of Marin Superior Court.

---

[4] Shift Digital does not admit, and expressly disputes, the damages Plaintiff alleges and provides this analysis regarding the amount of controversy solely for the purpose of removal. Shift Digital further reserves the right to present additional evidence concerning Plaintiff's proposed damages and the other elements of Plaintiff's required relief, including injunctive relief, should Plaintiff contend that the amount-in-controversy requirement is not satisfied.

[5] Consent of co-defendants is not required for removal under CAFA, 28 U.S.C. § 1453(b), but Shift Digital notes the consent of its co-Defendants for completeness of the record.

# **PRAYER**

34. WHEREFORE, Shift Digital prays that the above-entitled action, formerly pending in the Superior Court of California, County of Marin, be removed therefrom to the United States District Court for the Northern District of California and that this action proceed in this Court as an action properly removed thereto.

Dated: November 2, 2021               WINSTON & STRAWN LLP

By: */s/ Sandra A. Edwards*
Sandra A. Edwards (SBN: 154578)
sedwards@winston.com
Dana L. Cook-Milligan (SBN: 301340)
dlcook@winston.com
WINSTON & STRAWN LLP
101 California Street, 34th Floor
San Francisco, CA  94111-5840
Telephone:     (415) 591-1000
Facsimile:      (415) 591-1400

Sean G. Wieber (*pro hac vice forthcoming*)
swieber@winston.com
Kevin Simpson (*pro hac vice forthcoming*)
ksimpson@winston.com
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601-9703
Telephone:     (312) 558-5600
Facsimile:      (312) 558-5700

Attorneys for Defendant
SANCTUS LLC d/b/a SHIFT DIGITAL