MATTHEW RIGHETTI (SBN: 121012)
matt@righettilaw.com
**RIGHETTI GLUGOSKI, P.C.**
The Presidio of San Francisco
220 Halleck Street, Suite 220
San Francisco, CA  94129
Telephone:  (415) 983-0900
Facsimile:   (415) 397-9005

CHARLES A. JONES (SBN: 224915)
caj@cjoneslawfirm.com
**JONES LAW FIRM LLC**
18124 Wedge Parkway, #511
Reno, NV 89511
Telephone: (775) 853-6440
Facsimile:   (775) 853-6445

Attorneys for Plaintiff and the Proposed Class

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMY WYNNE, individually, and on behalf of a class of similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>AUDI OF AMERICA, LLC, SANCTUS LLC, DBA SHIFT DIGITAL, VOLKSWAGEN GROUP OF AMERICA, INC.,<br><br>Defendants. | Case No. 4:21-cv-08518-DMR<br><br>**CLASS ACTION**<br><br>**SECOND AMENDED COMPLAINT FOR VIOLATIONS OF CCPA**<br>**(Cal. Civ. Code § 1798.100 et seq.)** |

Plaintiff Amy Wynne brings this lawsuit against Defendants, AUDI OF AMERICA, LLC, SANCTUS LLC, DBA SHIFT DIGITAL, and VOLKSWAGEN GROUP OF AMERICA, INC. ("Defendant" or "Defendant's") on behalf of herself and all others similarly situated ("Class" or "Class Members") for violation of their privacy rights. Plaintiff alleges, upon personal knowledge as to her own actions, and upon information and belief as to all other matters, as follows:

## I. INTRODUCTION

1. Defendants are the business of selling, marketing, leasing and repairing automobiles. Defendants were entrusted with personal information ("PI")[1] of their customers and potential customers (collectively, "Customers").

2. After January 1, 2020, Defendants were the target of a massive data breach in which approximately 20,000 California Customers were subject to an unauthorized access and exfiltration, theft, or disclosure of their PI ("Data Breach"). Outside parties accessed a trove of personal details about Defendants' Customers—such as names, home and business addresses, emails addresses, driver's license numbers, social security numbers, and other information – stored on Defendants' servers. Despite the highly sensitive nature of the PI, the data was maintained by Defendants in a form that was neither encrypted nor redacted.

3. The Data Breach violated the fundamental privacy rights of Plaintiff and Class Members. Because of the Data Breach, Plaintiff and Class Members face an increased risk of identity theft.

4. Plaintiff brings this lawsuit on behalf of Class Members whose PI was compromised as a result of the Data Breach and Defendants' failure to (i) implement and maintain reasonable security procedures and practices appropriate to the nature of the PI; (ii) disclose their inadequate security procedures and practices; (iii) effectively monitor their systems for security vulnerabilities; and (iv) timely detect, report, and disclose the Data Breach.

## II. PARTIES

5. At all relevant times, Plaintiff Amy Wynne was and is a citizen of California,

---

[1] As used herein, the term "PI" is intended to include the definition of personal information provided under Civil Code sections 1798.140(v)(1) and 1798.81.5, subdivision(d)(1).

residing in Marin County. Ms. Wynne is a customer of Defendants. She entrusted her PI to Defendants. Ms. Wynne's PI was accessed and compromised as a result of the Data Breach. This resulted in an invasion of her privacy interests and has placed her at imminent, immediate, and continuing risk of further identity theft-related harm.

6. Defendants are entities doing business in California. Audi of America LLC is a wholly owned subsidiary of Volkswagen Group of America, Inc. which has its United States headquarters in Herndon, Virginia. Sanctus LLC dba Shift Digital is headquartered in Birmingham, Michigan.

### III. JURISDICTION AND VENUE

7. This Court has personal jurisdiction over Defendants because they do business in this jurisdiction. The claims of Plaintiff and the Class arise out of Defendants' business activity in California and, at all times herein mentioned, Defendants were conducting business in California.

8. Venue is proper in this Court because a substantial part of the events or omissions giving rise to these claims occurred in, were directed to, and/or emanated from this Judicial District. Venue is also proper because it was within this Judicial District where Plaintiff entrusted the PI of Plaintiff and other Class Members to Defendants.

9. This is a class action brought pursuant to Federal Rule of Civil Procedure 23.

### IV. FACTUAL ALLEGATIONS

10. Ms. Wynne is a customer of Volkswagen Group of America, Inc./Audi of America, LLC (collectively, "VGoA"). As such and during the relevant time period covered by this Complaint, she entrusted VGoA with her PI as a part of her business transaction.

11. On or about March 10, 2021, VGoA was alerted that an unauthorized third party obtained its customers' PI. A third party obtained PI from or about VGoA's customers and interested buyers from its business partner Sanctus, LLC, dba Shift Digital. The data was stolen when it was left unsecured and unredacted.

12. Approximately 20,000 individual customers and interested buyers in California had their PI stolen as a result of the Data Breach.

13. The Data Breach was not reported until June 17, 2021.

14. The compromised PI of Plaintiff and the Class Members includes, without limitation, the following categories of highly sensitive information: (1) name; (2) home and business address; (3) email address; (4) phone number; (5) driver's license number; (6) social security number; (7) date of birth; (8) account and loan numbers; and (9) tax identification number.

15. The Data Breach subjected Plaintiff and the other Class Members to an unauthorized access and exfiltration, theft, or disclosure of their nonencrypted and nonredacted PI, including, but not limited to, PI that falls within the definition of subparagraph (A) of paragraph (1) of subdivision (d) of Civil Code section 1798.81.5.

16. The Data Breach resulted from Defendants' violation of the duty to implement and maintain reasonable security procedures and practices appropriate to the nature of the PI.

17. On information and belief, Defendants breached the standard of care by failing to implement reasonable security procedures to adequately protect Class Members' PI—which was not password protected, redacted, or encrypted—from data breaches. Data breaches, such as this one, are commonly made possible through a vulnerability in a system or server.

18. As a result of Defendants' lax security, outside parties have accessed Plaintiff's and Class Members' PI in a readily usable form that is potentially of great value to them. Plaintiff and Class Members are thus exposed to criminals seeking to use the PI for nefarious and illegal activities, such as identity theft schemes. Given the sensitive nature of the PI, Plaintiff and Class Members face a risk of identity theft.

19. At all relevant times, Defendants knew, or reasonably should have known, of the importance of safeguarding PI and of the foreseeable consequences that would occur if their data security system was breached.

**V. CLASS ALLEGATIONS**

20. Plaintiff bring this action on their own behalf and on behalf of a class of individuals pursuant to Federal Rule of Civil Procedure 23. Plaintiff intends to seek certification of a class defined as follows:

> **All Audi of America, LLC, Sanctus LLC, dba Shift Digital, and Volkswagen Group of America, Inc. customers and interested buyers residing in California whose PI was accessed or otherwise compromised in the Data Breach announced in June 2021.**

Excluded from the Class are the following individuals and/or entities: Defendants and their parents, subsidiaries, affiliates, officers and directors, current or former employees, attorneys representing Defendants in this action, and any entity in which Defendants have a controlling interest and all individuals who make a timely election to be excluded from this proceeding using the correct protocol for opting out.

21. **Numerosity**. The members of the Class are so numerous that joinder of all Class Members is impractical.  Plaintiff estimates the class size to be approximately 20,000 California citizens. Class Members are readily identifiable from information and records maintained by Defendants.

22. **Commonality and Predominance.** This action involves questions of law and fact common to Class Members that predominate over any questions affecting individual Class Members.  These common questions of law and fact include, without limitation:

   a. When Defendants actually learned of the Data Breach;
   b. Whether Defendants adequately detected, disclosed and responded to the Data Breach;
   c. Whether Defendants owed a duty to the Class to exercise due care in collecting, encrypting, password protecting, storing, safeguarding and/or maintaining their PI;
   d. Whether Defendants implemented and maintained reasonable security procedures and practices appropriate to the nature of the PI;
   e. Whether Defendants breached the duty of care;
   f. Whether Defendants knew or should have known that they did not employ reasonable measures to keep Plaintiff's and Class Members' PI secure and prevent loss or misuse of that PI;
   g. Whether Defendants adequately addressed and fixed the vulnerabilities that

permitted the Data Breach to occur;

  h. Whether Defendants violated the law by failing to promptly notify Class Members that their PI had been compromised;

23. **Typicality**: Plaintiff's claims are typical of those of other Class Members because all had their PI accessed and compromised as a result of the Data Breach, due to Defendants' wrongful conduct, acts, or omissions.

24. **Adequacy**: Plaintiff's interests are not antagonistic and do not irreconcilably conflict with the interests of the Class. Plaintiff is represented by attorneys who are competent and experienced in consumer and privacy-related class action litigation.

25. **Superiority and Manageability**: A class action is superior to other available group-wide methods for the fair and efficient adjudication of this controversy because the individual damage and harm suffered by each individual Class Member may be relatively small compared to the expense and burden of prosecuting such an individual case, and the difficulty of discovering and remedying the wrongdoing of Audi. If individual Class Members were required to bring separate actions, courts would be confronted by a multiplicity of lawsuits burdening the court system while also creating the risk of inconsistent rulings and contradictory judgments. In contrast to proceeding on a case-by-case basis, in which inconsistent results will magnify the delay and expense to all parties and the court system, this class action presents far fewer management difficulties while providing unitary adjudication, economies of scale and comprehensive supervision by a single court.

26. Notice of the pendency of and any resolution of this action can be provided to the Class members by individual mailed notice or the best notice practicable under the circumstances.

**Claim For Violation of the California Consumer Privacy Act ("CCPA")**
**[Cal. Civil Code Sec. 1798.150, et seq.]**

27. Plaintiff incorporates the allegations contained in the foregoing paragraphs as though repeated here.

28. Civil Code section 1798.150, subdivision (a)(1), provides,

---
5
SECOND AMENDED COMPLAINT

4:21-cv-08518-DMR

> Any consumer whose nonencrypted and nonredacted personal information, as defined in subparagraph (A) of paragraph (1) of subdivision (d) of Section 1798.81.5, is subject to an unauthorized access and exfiltration, theft, or disclosure as a result of the business's violation of the duty to implement and maintain reasonable security procedures and practices appropriate to the nature of the information to protect the personal information may institute a civil action for any of the following:
>
>> (A) To recover damages in an amount not less than one hundred dollars ($100) and not greater than seven hundred and fifty ($750) per consumer per incident or actual damages, whichever is greater.
>>
>> (B) Injunctive or declaratory relief.
>>
>> (C) Any other relief the court deems proper.

29. On information and belief, Defendants took possession, retained, stored, and maintained a database containing the nonencrypted and nonredacted PI of Plaintiff and the Class. Defendants collect or receive such information and determine the purposes and means of the processing of such PI.

30. As a result of the Data Breach, nonredacted and nonencrypted PI of Plaintiff and thousands of other Class Members that was stored on that server was compromised, accessed, and subject to exfiltration, theft or disclosure.

31. The Data Breach subjected Plaintiff and the other Class Members to an unauthorized access and exfiltration, theft, or disclosure of their nonencrypted and nonredacted PI, including, but not limited to, PI that falls within the definition of subparagraph (A) of paragraph (1) of subdivision (d) of Civil Code section 1798.81.5.

32. The Data Breach was a result of Defendants' violation of the duty to implement and maintain reasonable security procedures and practices appropriate to the nature of the information.

33. Due to the Data Breach, Plaintiff and the Class Members seek – and are entitled to recover – statutory damages in an amount not less than one hundred dollars ($100) and not greater than seven hundred and fifty ($750) per Class Member per incident as well as injunctive or declaratory relief.

34. Prior to filing this CCPA claim, Plaintiff provided thirty days written notice to Defendants, "identifying the specific provisions of the CCPA the consumer [Plaintiff] alleges

have been or are being violated." Defendants could not and did not adequately cure the violations within the time provided under the CCPA. Defendants did not compensate Plaintiff and the Class or otherwise provide any remedy for the harm caused by the violations.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of herself and all Class Members, request judgment against Defendants and that the Court grant the following:

A. An order certifying the Class as defined herein, and appointing Plaintiff and her Counsel to represent the Class;

B. An order enjoining Defendants from engaging in the wrongful conduct alleged herein concerning disclosure and inadequate protection of Plaintiff's and Class Members' PI;

C. An award of statutory damages pursuant to the CCPA;

D. Injunctive and declaratory relief;

E. An award of reasonable attorneys' fees, costs, and litigation expenses, as allowable by law;

F. Such other and further relief as this Court may deem just and proper.

DATED: September 6, 2022                                **RIGHETTI GLUGOSKI P.C.**

_____
Matthew Righetti
*Attorneys for Plaintiff*