United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AMY WYNNE,

Plaintiff,

v.

AUDI OF AMERICA, et al.,

Defendants.

Case No. 21-cv-08518-DMR

**ORDER ON OUTSTANDING MOTIONS**

Re: Dkt. Nos. 70, 71, 72, 79, 80, 81, 83

Defendants Sanctus LLC dba Shift Digital ("Shift") and Audi of America, LLC ("Audi") and Volkswagen Group of America, Inc. ("Volkswagen") filed motions to dismiss Plaintiff Amy Wynne's first amended complaint. [Docket Nos. 70, 71.] They also filed a joint motion to stay discovery until the court rules on the motions to dismiss on the ground that they are potentially dispositive and raise only legal, not factual, issues. [Docket No. 72.] In response to the motions to dismiss, Plaintiff filed a second amended complaint ("SAC") in which she dropped her claim for relief under the Unfair Competition Law ("UCL") and amended her California Consumer Privacy Act ("CCPA") claim which purportedly addressed the deficiencies identified by Defendants in their motions. [Docket Nos. 76 (SAC), 82 ("In the SAC, Plaintiff cured Defendants' alleged deficiencies with respect to her CCPA cause of action . . .").]

Defendants subsequently filed a joint motion to strike the SAC in which they correctly note that Plaintiffs' SAC, which was filed without leave of court or Defendants' consent, was technically improper. [Docket No. 79.] Federal Rule of Civil Procedure 15(a)(1) "gives a plaintiff one opportunity to amend as of right," *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1007 (9th Cir. 2015) (quoting *Sanford v. Motts*, 258 F.3d 1117, 1120 (9th Cir. 2001)), which Plaintiff exhausted on September 24, 2021 when she filed the amended complaint in state court. *See Schnabel v. Lui*, 302 F.3d 1023, 1037 (9th Cir. 2002) ("When a state court action is removed to

federal court, the removed action is treated as if the original action has been commenced in federal court."); *Hosp. Mktg. Concepts, LLC v. Inter-Cont'l Hotels Corp.*, No. SACV151342JVSDFMX, 2015 WL 13284964, at *1 (C.D. Cal. Oct. 21, 2015) ("if a plaintiff files a first amended complaint as of right in state court before removal, a plaintiff may not again amend its complaint without first obtaining either the opposing party's written consent or leave of court" under Rule 15(a)(2)). However, "even when a pleading is improperly filed, the court may choose not to strike the pleading in the interests of judicial economy," particularly where "leave to amend would have been granted had it been sought and when it does not appear that any of the parties will be prejudiced by allowing the change." *Manzano v. Metlife Bank N.A.*, No. CIV. 2:11-651 WBS DA, 2011 WL 2080249, at *3 (E.D. Cal. May 25, 2011) (collecting cases; quotation marks and citation omitted).

As noted, Plaintiff's SAC eliminated the UCL claim and amended the CCPA claim in a way that may have cured the alleged deficiencies. Under Federal Rule of Civil Procedure 15(a), leave to amend the pleadings before trial should be given "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). "This policy is to be applied with extreme liberality," *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted), and the Ninth Circuit has instructed that "the court must remain guided by the underlying purpose of Rule 15 . . . to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quotation marks and citation omitted, alteration in original). Therefore, in the absence of an "apparent" reason, such as undue delay, bad faith or dilatory motive, prejudice to the opposing party, futility of the amendments, or repeated failure to cure deficiencies in the complaint by prior amendment, it is an abuse of discretion for a district court to refuse to grant leave to amend a complaint. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999). None of the factors that weigh against granting leave to amend are present here. Notably, Defendants' joint reply in support of the motions to dismiss does not identify any prejudice that Defendants would suffer if the court considers the SAC as the operative pleading, and Defendants do not argue that the amended CCPA claim is futile. This case is in its early stages and there has been no undue delay

by Plaintiff in seeking amendment. Accordingly, the court deems the SAC as the operative complaint. Defendants' motions to dismiss and to strike are denied, as are the motions to stay discovery pending the resolution of the motions to dismiss and to enlarge time to respond to the SAC. Defendants shall file a responsive pleading to the SAC within 14 days of the date of this order.

Defendants also filed a joint motion to stay the entire action on the ground that a group of plaintiffs (the "*Hajny* Plaintiffs") recently filed a complaint against Defendants in state court alleging claims related to the alleged data breach at issue in this case and that Defendants and the *Hajny* Plaintiffs executed a formal settlement agreement on September 6, 2022. [Docket No. 80.] According to Defendants, that settlement encompasses the putative class in this action. These arguments are identical to those Defendants raised at the initial case management conference. As the court noted then, "there's going to be a question for the state court judge about whether the terms of that settlement are fair," and that "[i]f whatever happens in the state court has some affect on [Wynne's] case, then we'll hear about that down the line and have to sort that out." [Docket No. 67 (Aug. 17, 2022 Hr'g Tr. 4, 5).] Defendants' arguments about the impact of the settlement at that time were "speculative." *Id*. at 9. Very little has changed since then. Even though the *Hajny* Plaintiffs have filed their complaint in Contra Costa County Superior Court and executed a settlement agreement with Defendants, the state court complaint has not yet been assigned a case number and there is no case management schedule in place. Plaintiffs have not yet filed their motion for preliminary approval and there is no indication about when the state court might rule on such a motion. No stay is warranted, and the motion is denied.

Finally, the parties filed a joint discovery letter regarding a dispute about Plaintiff's Rule 30(b)(6) deposition notice to Shift. It is denied without prejudice. There is no reason why the parties cannot meet and confer about the substance of Plaintiff's Rule 30(b)(6) deposition notice given the court's resolution of the outstanding motions addressed above. As Shift has acknowledged, discovery is open, *see* Docket No. 75, and should proceed in a reasonable manner as it would in any other case. Moreover, Defendants are each represented by multiple attorneys, and the court expects the parties to promptly meet and confer in good faith about discovery even

when one attorney is unavailable. Accordingly, the parties shall immediately meet and confer about the 30(b)(6) deposition notice, including the topics at issue, designation of corporate representatives, and scheduling. If disputes remain after meeting and conferring, the parties shall file a joint letter in accordance with the court's Standing Order by no later than October 6, 2022. The parties may not incorporate by reference any prior submissions.

**IT IS SO ORDERED.**

Dated: September 15, 2022




Donna M. Ryu
United States Magistrate Judge