| | |
|---|---|
| Sandra A. Edwards (SBN: 154578) | Marisol C. Mork (SBN: 265170) |
| sedwards@winston.com | marisol.mork@squirepb.com |
| Dana L. Cook-Milligan (SBN: 301340) | SQUIRE PATTON BOGGS (US) LLP |
| dlcook@winston.com | 555 South Flower Street, 31st Floor |
| WINSTON & STRAWN LLP | Los Angeles, CA 90071 |
| 101 California Street, 34th Floor | Telephone: (213) 624-2500 |
| San Francisco, CA 94111-5840 | Facsimile: (213) 623-4581 |
| Telephone: (415) 591-1000 | |
| Facsimile: (415) 591-1400 | Colin R. Jennings (admitted *pro hac vice*) |
| | colin.jennings@squirepb.com |
| Sean G. Wieber (admitted *pro hac vice*) | Kristin L. Bryan (admitted *pro hac vice*) |
| swieber@winston.com | kristin.bryan@squirepb.com |
| Kevin Simpson (admitted *pro hac vice*) | SQUIRE PATTON BOGGS (US) LLP |
| ksimpson@winston.com | 127 Public Square, 1000 Key Tower |
| James W. Randall (admitted *pro hac vice*) | Cleveland, OH 44114 |
| jwrandall@winston.com | Telephone: (216) 479-8500 |
| WINSTON & STRAWN LLP | Facsimile: (216) 479-8780 |
| 35 W. Wacker Drive | |
| Chicago, IL 60601-9703 | Jesse Taylor (admitted *pro hac vice*) |
| Telephone: (312) 558-5600 | jesse.taylor@squirepb.com |
| Facsimile: (312) 558-5700 | SQUIRE PATTON BOGGS (US) LLP |
| | 41 South High Street |
| *Counsel for Defendant* | Columbus, OH 43215 |
| *Sanctus LLC d/b/a Shift Digital* | Telephone: (614) 365-2700 |
| | Facsimile: (614) 365-2499 |
| | |
| | *Counsel for Defendants Audi of America, LLC* |
| | *and Volkswagen Group of America, Inc.* |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AMY WYNNE, *individually and on behalf of a class of similarly situated persons*, <br><br> Plaintiff, <br><br> v. <br><br> AUDI OF AMERICA, LLC *et al.*, <br><br> Defendants. | Case No. 4:21-cv-08518-DMR <br><br> **DEFENDANTS' NOTICE OF MOTION, JOINT MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT, AND MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> Date: November 10, 2022 <br> Time: 1:00 p.m. <br> Courtroom: Courtroom 4 – 3rd Floor <br> Oakland Courthouse <br> 1301 Clay Street <br> Oakland, CA 94612 <br> Judge: Hon. Donna M. Ryu |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

Please take notice that on November 10, 2022 at 1:00 p.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Judge Donna Ryu, Courtroom 4 – 3rd Floor, 1301 Clay Street, Oakland, CA 94612, Defendants Audi of America, LLC, Volkswagen Group of America, Inc., and Sanctus LLC d/b/a Shift Digital LLC will, and hereby do, jointly move for an order dismissing Plaintiff Amy Wynne's Second Amended Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the pleadings on file in this action, and such other matter as may be properly presented to the Court at the time of hearing.

Dated: September 26, 2022         **WINSTON & STRAWN LLP**

By:   */s/ Sean G. Wieber*

Sandra A. Edwards (SBN: 154578)
sedwards@winston.com
Dana L. Cook-Milligan (SBN: 301340)
dlcook@winston.com
WINSTON & STRAWN LLP
101 California Street, 34th Floor
San Francisco, CA 94111-5840
Tel.:    (415) 591-1000
Fax:    (415) 591-1400

Sean G. Wieber (admitted *pro hac vice*)
swieber@winston.com
Kevin Simpson (admitted *pro hac vice*)
kpsimpson@winston.com
James W. Randall (admitted *pro hac vice*)
jwrandall@winston.com
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601-9703
Tel.:    (312) 558-5600
Fax:    (312) 558-5700

*Counsel for Defendant
Sanctus LLC d/b/a Shift Digital*

Dated: September 26, 2022                    **SQUIRE PATTON BOGGS LLP**

By:   */s/ Marisol C. Mork*

Marisol C. Mork (SBN: 265170)
marisol.mork@squirepb.com
SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, CA 90071
Tel.: (213) 624 2500
Fax: (213) 623 4581

Colin R. Jennings (admitted *pro hac vice*)
colin.jennings@squirepb.com
Kristin L. Bryan (admitted *pro hac vice*)
kristin.bryan@squirepb.com
SQUIRE PATTON BOGGS (US) LLP
127 Public Square, 1000 Key Tower
Cleveland, OH 44114
Tel.: (216) 479-8500
Fax: (216) 479-8780

Jesse Taylor (admitted *pro hac vice*)
jesse.taylor@squirepb.com
SQUIRE PATTON BOGGS (US) LLP
41 South High Street
Columbus, OH 43215
Tel.: (614) 365-2700
Fax: (614) 365-2499

*Attorneys for Defendants Audi of America, LLC and Volkswagen Group of America, Inc*

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Defendants Audi of America, LLC ("Audi"), Volkswagen Group of America, Inc. ("VWGoA"), and Sanctus LLC d/b/a Shift Digital ("Shift Digital") (collectively, "Defendants") submit this Memorandum of Points and Authorities in support of their Motion to Dismiss Plaintiff's Second Amended Complaint ("SAC") with prejudice under Federal Rule of Civil Procedure 12(b)(6).

## **INTRODUCTION**

Despite having three chances to do so, Plaintiff *still* has not stated a claim upon which relief can be granted. Plaintiff's lone cause of action in the SAC—her claim under the California Consumer Privacy Act ("CCPA")—should be dismissed because Plaintiff fails to allege <u>facts</u> that plausibly establish critical elements of her claim: (1) that Defendants' supposed misconduct, and the resulting purported data breach, occurred on or after the CCPA's effective date (the statute does not apply retroactively); (2) that Shift Digital is a "business" rather than a "service provider" under the CCPA (the statute's private right of action applies only to businesses, not service providers); and (3) that she has no adequate remedy at law (a prerequisite for equitable relief). Defendants identified each of these deficiencies in their Motions to Dismiss the First Amended Complaint ("FAC"). In response, Plaintiff superficially tweaked her allegations but failed to cure her claim's fundamental defects. Accordingly, the Court should dismiss the SAC. And because Plaintiff has now blown three opportunities to plead a cognizable claim, the Court should do so with prejudice.

## **STATEMENT OF FACTS**

Plaintiff alleges that she is an Audi/VWGoA customer and that she entrusted Audi/VWGoA with her sensitive personal information ("SPI"). SAC ¶ 5. Plaintiff alleges further that her SPI was accessed and compromised in a data security incident involving Shift Digital, SAC ¶ 11, which provides marketing services to Audi/VWGoA. FAC ¶ 15.

On June 18, 2021, Plaintiff commenced this action in the Superior Court of California, Marin County, against Audi and other unnamed defendants, asserting claims for negligence and violation of California's Unfair Competition Law ("UCL"). Dkt. 1, Notice of Removal, ¶ 1 & Ex. A. Although Plaintiff sought statutory damages under the CCPA, Plaintiff neglected to include a CCPA cause of action in her Complaint. *Id.* Ex. A. After counsel for Audi pointed out this deficiency, Plaintiff filed

her First Amended Complaint ("FAC"), adding a CCPA claim and abandoning her negligence claim. *Id.* ¶ 2 & Ex. B. Shift Digital timely removed the action to the U.S. District Court for the Northern District of California on November 2, 2021. Dkt. 1.

On August 24, 2022, Defendants moved to dismiss the FAC. Dkt. 70, 71. Defendants argued that Plaintiff's CCPA claim should be dismissed for three reasons. *First*, Defendants argued that Plaintiff had failed to properly plead her CCPA claim against all Defendants because she failed to allege that the relevant conduct occurred on or after the CCPA's effective date. Dkt. 70, at 5–6; Dkt. 71, at 7–8. *Second*, Shift Digital argued that Plaintiff failed to adequately allege that Shift Digital is a "business" rather than a "service provider" under the CCPA. Dkt. 70, at 3–4. *Third*, Defendants argued that Plaintiff is not entitled to equitable relief because she failed to allege that she has no adequate remedy at law. *Id.* at 7–8 & n.4; Dkt. 71, at 6–7. Defendants also identified multiple deficiencies in Plaintiff's UCL claim. Dkt. 70, at 6–12; Dkt. 71, at 4–7.

On September 6, 2022, Plaintiff filed the SAC without the Court's leave or Defendants' consent, thereby violating Federal Rule of Civil Procedure 15(a). Dkt. 76. In the SAC, Plaintiff eliminated her UCL claim entirely and slightly modified or supplemented certain allegations relating to her CCPA claim. *Id.* On September 15, 2022, the Court excused Plaintiff's violation of Rule 15(a) and granted retroactive leave to file the SAC. Dkt. 85.

**STATEMENT OF THE ISSUES**

1. Whether the SAC alleges facts plausibly establishing that Defendants' supposed misconduct, and the resulting purported data breach, occurred on or after January 1, 2020.

2. Whether the SAC alleges facts plausibly establishing that Shift Digital is a "business" rather than a "service provider."

3. Whether the SAC alleges facts plausibly establishing that Plaintiff has no adequate remedy at law.

**LEGAL STANDARD**

"A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint." *Love v. Wildcats Owner LLC*, 532 F. Supp. 3d 872, 876 (N.D. Cal. 2021) (Ryu, J.) (citing *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995)). "When reviewing

2

1    a motion to dismiss for failure to state a claim, the court must 'accept as true all of the factual
2    allegations contained in the complaint,' *id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and
3    may dismiss a claim 'only where there is no cognizable legal theory' or there is an absence of
4    'sufficient factual matter to state a facially plausible claim to relief.'" *Id.* (quoting *Shroyer v. New*
5    *Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010)). "A claim has facial plausibility
6    when a plaintiff 'pleads factual content that allows the court to draw the reasonable inference that the
7    defendant is liable for the misconduct alleged.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678
8    (2009)). "In other words, the facts alleged must demonstrate 'more than labels and conclusions, and
9    a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Bell Atl. Corp.*
10   *v. Twombly*, 550 U.S. 544, 555 (2007)).

11       As to whether to dismiss with or without prejudice, "[i]t is well-established that a court may
12   dismiss an entire complaint with prejudice where plaintiffs have failed to plead properly after repeated
13   opportunities." *Destfino v. Reiswig*, 630 F.3d 952, 959 (9th Cir. 2011) (quotation omitted). Indeed,
14   "where the plaintiff has previously been granted leave to amend and has subsequently failed to add
15   the requisite particularity to its claims, the district court's discretion to deny leave to amend is
16   particularly broad." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009)
17   (quotation omitted).

## ARGUMENT

### I. Plaintiff's CCPA claim should be dismissed in its entirety because she fails to allege that the relevant conduct occurred on or after the CCPA's effective date.

21       The Court should dismiss Plaintiff's CCPA claim in its entirety against both Defendants
22   because Plaintiff fails to allege that Defendants' alleged failure to implement and maintain reasonable
23   security measures and the resulting unauthorized access and exfiltration occurred prior to January 1,
24   2020—the effective date of the CCPA. "[I]t is well-settled under California law that 'in the absence
25   of an express retroactivity provision, a statute will not be applied retroactively unless it is very clear
26   from extrinsic sources that the Legislature must have intended a retroactive application.'" *Gardiner*
27   *v. Walmart, Inc.*, 2021 WL 2520103, at *2 (N.D. Cal. Mar. 5, 2021) (quoting *People v. Brown*, 54
28   Cal. 4th 314, 323 (Cal. 2012)). The CCPA became effective on January 1, 2020. *See* Cal. Civ. Code

§ 1798.198 (providing the CCPA "shall be operative January 1, 2020"). Because the statute does not contain an express retroactivity provision and there is no indication the California Legislature intended the statute to apply retrospectively, the CCPA does not apply to conduct occurring prior to January 1, 2020. *See Gardiner*, 2021 WL 2520103, at *2 ("Based on the text of the statute and California law, the Court concludes that the challenged provision of the CCPA does not apply retroactively."). Indeed, Plaintiff concedes that the CCPA does not apply retroactively. *See* Dkt. 61, Joint Case Management Statement, at 3–4.

Accordingly, to state a CCPA claim, Plaintiff must allege facts that plausibly establish that, no earlier than January 1, 2020, (1) Shift Digital failed "to implement and maintain reasonable security procedures and practices" *and* (2) the "unauthorized access and exfiltration, theft, or disclosure" occurred as a result. Because the CCPA does not apply retroactively, these are tantamount to elements of a claim.

As with the FAC, the SAC fails to do so. In the FAC, Plaintiff alleged that the relevant conduct occurred sometime during a twenty-month time period that spanned both sides of the CCPA's effective date of January 1, 2020. *See* FAC ¶ 2 ("Between August 2019 and May 2021, Defendants were the target of a massive data breach[.]"); *id.* ¶ 15 ("The data was obtained when the vendor left electronic data unsecured at some point between August 2019 and May 2021[.]"). These allegations were ostensibly based on the date range included in the notices sent to potentially affected consumers by Defendants Audi and VWGoA. *Id.* ¶ 17 ("In the Notice of Data Breach, [Audi and VWGoA] report[] that The Data Breach occurred at some point between August 2019 and May 2021[.]").

In the SAC, by contrast—after Defendants identified Plaintiff's pleading failure in their initial motions to dismiss—Plaintiff now baldly alleges that the "unauthorized access and exfiltrated theft or disclosure" occurred "[a]fter January 1, 2020." But Plaintiff alleges *no facts* in support of that self-serving conclusion, and the Court need not accept "legally conclusory statements, not supported by actual factual allegations." *Durkee v. Ford Motor Co.*, 2014 WL 4352184, at *1 (N.D. Cal. Sept. 2, 2014) (citing *Iqbal*, 556 U.S. at 678–79); *see also In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (district court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences"). Furthermore, Plaintiff makes no

4

DEFENDANTS' NOTICE OF MOTION, JOINT MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT, AND MEMORANDUM OF POINTS AND AUTHORITIES – CASE NO. 4:21-CV-08518-DMR

allegations at all about the timing of Defendants' alleged failure to adequately secure her data (as opposed to the date of the alleged "Data Breach"), which the law requires her to do. *See Gardiner*, 2021 WL 2520103, at *2 ("In order to have a viable claim against [Defendant] for a violation of the CCPA, Plaintiff must allege that [Defendant's] 'violation of the duty to implement and maintain reasonable security procedures and practices' that led to the breach occurred on or after January 1, 2020.").

Because Plaintiff has not alleged and cannot plausibly allege that the purported misconduct and attendant circumstance occurred after January 1, 2020, the Court must dismiss Plaintiff's CCPA claim as to both Defendants. *See id.* ("Absent allegations establishing that Walmart's alleged violation of the CCPA occurred after it went into effect, Plaintiff's CCPA claim is not viable." (emphasis added)). And because Plaintiff has had three opportunities to plead a cognizable claim but has failed to do so, the Court should dismiss the SAC with prejudice as to both Defendants.

**II.     Plaintiff's claim as against Shift Digital should be dismissed because Plaintiff fails to plausibly allege that Shift Digital is a "business" and not a "service provider."**

The Court should also dismiss Plaintiff's CCPA claim against Shift Digital because she has failed to adequately allege that Shift Digital is a "business" rather than a "service provider." The CCPA distinguishes between these two kinds of entity, each of which has its own statutory definition. And the CCPA's private right of action only applies to "business[es]." *See* Cal. Civ. Code § 1798.150(a)(1) (providing that the breach must be caused by a "business's violation of the duty to implement and maintain reasonable security procedures and practices" (emphasis added)). The CCPA defines "business" as an entity "[1] that collects consumers' personal information or on the behalf of which that information is collected and [2] that alone, or jointly with others, determines the purposes and means of the processing of consumers' personal information." *Id.* § 1798.140(c)(1).

By contrast, the CCPA provides that actions against "service providers" must be brought only "in the name of the people of the State of California by the Attorney General." *Id.* § 1798.155(b). The CCPA defines "service provider" as an entity "[1] that processes information on behalf of a business and [2] to which the business discloses a consumer's personal information for a business purpose pursuant to a written contract." *Id.* § 1798.140(v). Accordingly, since Plaintiff is not the Attorney

General of California, she "can only state a claim against Defendants if they are businesses, *not service providers*." *Karter v. Epiq Sys. & Epiq Class Action & Claims Sols.*, 2021 WL 4353274, at *2 (C.D. Cal. July 16, 2021) (*Karter II*) (emphasis added); *see also Karter*, 2021 WL 4353275, at *2 (C.D. Cal. Apr. 19, 2021) (*Karter I*) (dismissing CCPA claim because plaintiff failed to adequately allege that defendant was a "business" as opposed to "service provider").[1]  Indeed, Plaintiff admits that the CCPA's private right of action does not apply to service providers.  *See* Dkt. 61, Joint Case Management Statement, at 2–3.

Like the FAC, the SAC is essentially devoid of allegations pertaining to Shift Digital's status as a "business," as opposed to a "service provider."  Again, parroting the statutory definition of "business," Plaintiff asserts baldly and indistinctly that "*Defendants* collect or receive such information and determine the purposes and means of the processing of such PII."  SAC ¶ 59 (emphasis added).  But simply reciting the statutory definition of a term is insufficient to plausibly plead a required element.  *See Twombly*, 550 U.S. at 555 (holding that the facts alleged must demonstrate "more than labels and conclusions" (citation and quotation marks omitted)); *Yunker v. Pandora Media, Inc.*, 2013 WL 1282980, at *9 (N.D. Cal. Mar. 26, 2013) (noting that courts are not required to accept as true plaintiff's allegations that "do no more than recite the statutory definition of that term").

Setting aside Plaintiff's bare, nonspecific statutory allegation, Plaintiff fails to allege any *facts* suggesting that Shift Digital specifically (as opposed to "Defendants" generally) collects customer information (or directs others to collect customer information on its behalf) and determines how such information should be processed—the statutory requirements for an entity to qualify as a "business."  *See Karter I*, 2021 WL 4353275, at *2 ("Plaintiff responds that Defendants' actions render them businesses, not service providers.  The problem is that the facts Plaintiffs cite as support for this argument . . . [are] nowhere in the [complaint.]  Accordingly, Defendants' motion to dismiss is

---

[1] After *Karter I* dismissed Plaintiff's first amended complaint, the court in *Karter II* denied the defendant's motion to dismiss the second amended complaint because—unlike here—the plaintiff alleged <u>facts</u> plausibly establishing that the defendant "collects consumers' personal information from consumers," as opposed to "receiv[ing] personal information from the business." *Karter II*, 2021 WL 4353274, at *2.

granted."). As in the FAC, Plaintiff obliquely and indistinctly asserts that *Defendants* "do business" or "conduct business" but nowhere alleges the nature of *Shift Digital's* business—likely because Shift Digital's digital marketing products and services establish it as a "service provider." Indeed, the only meaningful difference between the FAC and the SAC on this aspect is that the FAC describes Shift Digital as a "vendor," whereas the SAC uses the term "business partner." *Compare* FAC ¶ 15, *with* SAC ¶ 11. Simply labeling Shift Digital as a "business partner" is insufficient to plausibly allege that Shift Digital is a business and not a service provider within the meaning of the CCPA.

Because Plaintiff does not—and cannot—plausibly allege that Shift Digital is a business and not a service provider, Plaintiff's CCPA claim against Shift Digital should be dismissed with prejudice.

### III. Plaintiff's request for equitable relief should be dismissed because Plaintiff fails to allege that she lacks an adequate legal remedy.

The Court should also dismiss Plaintiff's CCPA claim insofar as she seeks an injunction or a declaratory judgment because Plaintiff fails to allege—and cannot allege—that she has no adequate remedy at law. In the SAC, as in the FAC, Plaintiff seeks various forms of equitable relief. *See* SAC ¶ 33 ("Plaintiff . . . seek[s] . . . injunctive or declaratory relief[.]"); *id.* Prayer for Relief (B) (requesting "[a]n order enjoining Defendants from engaging in the wrongful conduct alleged herein concerning disclosure and inadequate protection of Plaintiff's and Class Members' PII"); *id.* Prayer for Relief (D) (requesting "[i]njunctive and declaratory relief").

But "[a] plaintiff seeking equitable relief in California must establish that there is no adequate remedy at law available." *Philips v. Ford Motor Co.*, 2015 WL 4111448, at *16 (N.D. Cal. July 7, 2015) (citing *Knox v. Phoenix Leasing, Inc.*, 29 Cal. App. 4th 1357, 1368, 35 Cal. Rptr. 2d 141, 150 (1994)). And "[w]here the claims pleaded by a plaintiff *may* entitle her to an adequate remedy at law, equitable relief is unavailable." *See Rhynes v. Stryker Corp.*, 2011 WL 2149095, at *4 (N.D. Cal. May 31, 2011). Thus, to allege entitlement to an injunction or a declaratory judgment, Plaintiff must allege that monetary damages are inadequate.

Here again, Plaintiff falls short. As in the FAC, Plaintiff alleges that Defendants have "not compensated Plaintiff . . . or otherwise provide[d] any remedy for the harm caused by the [CCPA] violations." SAC ¶ 23. Yet Plaintiff does not allege that the monetary damages she seeks would be

an inadequate remedy if she succeeds on her CCPA claim. Thus, Plaintiff has again failed to allege that she has no adequate remedy at law. *See Rhynes*, 2011 WL 2149095, at *4 (concluding that the plaintiffs' "argument that they will have no adequate remedy at law if their other claims fail [was] unavailing" because "the compensatory damages [they] s[ought] provide[d] an adequate remedy at law to redress their alleged injuries"). To the extent that Plaintiff's CCPA claim seeks an injunction or a declaratory judgment, therefore, it must be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss the SAC, in its entirety, with prejudice.

Dated: September 26, 2022        **WINSTON & STRAWN LLP**

By: /s/ *Sean G. Wieber*
Sandra A. Edwards (SBN: 154578)
sedwards@winston.com
Dana L. Cook-Milligan (SBN: 301340)
dlcook@winston.com
WINSTON & STRAWN LLP
101 California Street, 34th Floor
San Francisco, CA 94111-5840
Tel.:    (415) 591-1000
Fax:    (415) 591-1400

Sean G. Wieber (admitted *pro hac vice*)
swieber@winston.com
Kevin Simpson (admitted *pro hac vice*)
kpsimpson@winston.com
James W. Randall (admitted *pro hac vice*)
jwrandall@winston.com
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601-9703
Tel.:    (312) 558-5600
Fax:    (312) 558-5700

*Counsel for Defendant*
*SANCTUS LLC d/b/a SHIFT DIGITAL*

Dated: September 26, 2022        **SQUIRE PATTON BOGGS LLP**

By: /s/ *Marisol C. Mork*

Marisol C. Mork (SBN: 265170)
marisol.mork@squirepb.com
SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, CA 90071
Tel.: (213) 624 2500
Fax: (213) 623 4581

Colin R. Jennings (admitted *pro hac vice*)
colin.jennings@squirepb.com
Kristin L. Bryan (admitted *pro hac vice*)
kristin.bryan@squirepb.com
SQUIRE PATTON BOGGS (US) LLP
127 Public Square, 1000 Key Tower
Cleveland, OH 44114
Tel.: (216) 479-8500
Fax: (216) 479-8780

Jesse Taylor (admitted *pro hac vice*)
jesse.taylor@squirepb.com
SQUIRE PATTON BOGGS (US) LLP
41 South High Street
Columbus, OH 43215
Tel.: (614) 365-2700
Fax: (614) 365-2499

*Attorneys for Defendants Audi of America, LLC and Volkswagen Group of America, Inc*

9

DEFENDANTS' NOTICE OF MOTION, JOINT MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT, AND MEMORANDUM OF POINTS AND AUTHORITIES – CASE NO. 4:21-CV-08518-DMR

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-*l*(h)(3)**

Pursuant to Civil Local Rule 5-l(h)(3), the filer of this document attests that concurrence in the filing of this document has been obtained from the signatories above.

By: /s/ *Sean G. Wieber*
Sean G. Wieber