| | |
|---|---|
| Sandra A. Edwards (SBN: 154578)<br>sedwards@winston.com<br>Dana L. Cook-Milligan (SBN: 301340)<br>dlcook@winston.com<br>WINSTON & STRAWN LLP<br>101 California Street, 34th Floor<br>San Francisco, CA 94111-5840<br>Telephone: (415) 591-1000<br>Facsimile: (415) 591-1400<br><br>Sean G. Wieber (admitted *pro hac vice*)<br>swieber@winston.com<br>Kevin Simpson (admitted *pro hac vice*)<br>ksimpson@winston.com<br>James W. Randall (admitted *pro hac vice*)<br>jwrandall@winston.com<br>WINSTON & STRAWN LLP<br>35 W. Wacker Drive<br>Chicago, IL 60601-9703<br>Telephone: (312) 558-5600<br>Facsimile: (312) 558-5700<br><br>*Counsel for Defendant*<br>*Sanctus LLC d/b/a Shift Digital* | Marisol C. Mork (SBN: 265170)<br>marisol.mork@squirepb.com<br>SQUIRE PATTON BOGGS (US) LLP<br>555 South Flower Street, 31st Floor<br>Los Angeles, CA 90071<br>Telephone: (213) 624-2500<br>Facsimile: (213) 623-4581<br><br>Colin R. Jennings (admitted *pro hac vice*)<br>colin.jennings@squirepb.com<br>Kristin L. Bryan (admitted *pro hac vice*)<br>kristin.bryan@squirepb.com<br>SQUIRE PATTON BOGGS (US) LLP<br>127 Public Square, 1000 Key Tower<br>Cleveland, OH 44114<br>Telephone: (216) 479-8500<br>Facsimile: (216) 479-8780<br><br>Jesse Taylor (admitted *pro hac vice*)<br>jesse.taylor@squirepb.com<br>SQUIRE PATTON BOGGS (US) LLP<br>41 South High Street<br>Columbus, OH 43215<br>Telephone: (614) 365-2700<br>Facsimile: (614) 365-2499<br><br>*Counsel for Defendants Audi of America, LLC*<br>*and Volkswagen Group of America, Inc.* |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AMY WYNNE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AUDI OF AMERICA, *et al.*,<br><br>　　　　Defendants. | Case No. 4:21-cv-08518-DMR<br><br>**DEFENDANTS' NOTICE OF MOTION, JOINT MOTION TO STAY DISCOVERY PENDING ADJUDICATION OF THEIR JOINT MOTION TO DISMISS THE SECOND AMENDED COMPLAINT, AND MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:　November 10, 2022<br>Time:　1:00 p.m.<br>Judge:　Hon. Donna M. Ryu |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

Please take notice that on November 10, 2022 at 1:00 p.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Judge Donna Ryu, Courtroom 4 – 3rd Floor, 1301 Clay Street, Oakland, CA 94612, Defendants Audi of America LLC, Volkswagen Group of America, and Sanctus LLC d/b/a Shift Digital (collectively, "Defendants") will, and hereby do, move for an order granting their Joint Motion to Stay Pending Adjudication of Their Joint Motion to Dismiss the Second Amended Complaint. This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, all pleadings and papers on file in this action, and such additional facts and arguments as may be presented to the Court at or before the time of hearing.

Dated: September 27, 2022                     **WINSTON & STRAWN LLP**

                                                 By:   */s/ Sean G. Wieber*

                                                 Sandra A. Edwards (SBN: 154578)
                                                 sedwards@winston.com
                                                 Dana L. Cook-Milligan (SBN: 301340)
                                                 dlcook@winston.com
                                                 WINSTON & STRAWN LLP
                                                 101 California Street, 34th Floor
                                                 San Francisco, CA 94111-5840
                                                 Tel.:      (415) 591-1000
                                                 Fax:      (415) 591-1400

                                                 Sean G. Wieber (admitted *pro hac vice*)
                                                 swieber@winston.com
                                                 Kevin Simpson (admitted *pro hac vice*)
                                                 kpsimpson@winston.com
                                                 James W. Randall (admitted *pro hac vice*)
                                                 jwrandall@winston.com
                                                 WINSTON & STRAWN LLP
                                                 35 W. Wacker Drive
                                                 Chicago, IL 60601-9703
                                                 Tel.:      (312) 558-5600
                                                 Fax:      (312) 558-5700

                                                 *Counsel for Defendant*
                                                 *SANCTUS LLC d/b/a SHIFT DIGITAL*

Dated: September 27, 2022                     **SQUIRE PATTON BOGGS LLP**

                                                  By:   */s/ Marisol C. Mork*

Marisol C. Mork (SBN: 265170)
marisol.mork@squirepb.com
SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, CA 90071
Tel.: (213) 624 2500
Fax: (213) 623 4581

Colin R. Jennings (admitted *pro hac vice*)
colin.jennings@squirepb.com
Kristin L. Bryan (admitted *pro hac vice*)
kristin.bryan@squirepb.com
SQUIRE PATTON BOGGS (US) LLP
127 Public Square, 1000 Key Tower
Cleveland, OH 44114
Tel.: (216) 479-8500
Fax: (216) 479-8780

Jesse Taylor (admitted *pro hac vice*)
jesse.taylor@squirepb.com
SQUIRE PATTON BOGGS (US) LLP
41 South High Street
Columbus, OH 43215
Tel.: (614) 365-2700
Fax: (614) 365-2499

*Attorneys for Defendants Audi of America, LLC and Volkswagen Group of America, Inc*

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants Audi of America, LLC ("Audi"), Volkswagen Group of America, Inc. ("VWGoA"), and Sanctus LLC d/b/a Shift Digital ("Shift Digital") (collectively, "Defendants") submit this Memorandum of Points and Authorities in support of their Motion to Stay Discovery Pending Adjudication of their Joint Motion to Dismiss the Second Amended Complaint.

### INTRODUCTION

The Parties should not plunge into extensive, burdensome discovery before the Court determines whether Plaintiff has pleaded a claim upon which relief can be granted. Defendants have moved to dismiss the Second Amended Complaint ("SAC") with prejudice under Federal Rule of Civil Procedure 12(b)(6), raising strong arguments for dismissal. The hearing on Defendants' Motion to Dismiss is scheduled for November 10, 2022—less than a month and a half away. In the interim (and before the Parties' Rule 26(f) discovery plan is due), Plaintiff demands that the Parties engage in frenetic, onerous discovery, which may be unnecessary depending on how the Court rules. Because (1) Defendants' Motion to Dismiss is potentially dispositive of Plaintiff's sole remaining claim, (2) discovery is not necessary to determine the legal sufficiency of Plaintiff's allegations, and (3) the anticipated depositions and pending document requests would tax the resources of the Court and the Parties, the Court should stay discovery until it rules on Defendants' Motion to Dismiss.

### STATEMENT OF FACTS

On June 18, 2021, Plaintiff commenced this action in the Superior Court of California, Marin County. Dkt. 1, Notice of Removal, ¶ 1 & Ex. A. On September 24, 2021, Plaintiff filed her First Amended Complaint ("FAC"). *Id.* ¶ 2 & Ex. B. On November 2, 2021, Shift Digital timely removed this action to this Court. *Id.* On August 23, 2022, Defendants moved to dismiss the FAC. Dkts. 70, 71. Defendants also moved to stay discovery pending the Court's adjudication of their Motions to Dismiss. Dkt. 72. On September 6, the day before her Opposition to Defendants' Motions to Dismiss was due, Plaintiff filed the SAC without the Court's leave or Defendants' consent. Dkt. 76. Plaintiff claimed that her improper SAC mooted Defendants' Motions to Dismiss and Motion to Stay Discovery, relieving her of any obligation to substantively respond to Defendants' pending motions. Dkts. 78, 82. On September 15, the Court granted Plaintiff retroactive leave to file the SAC and denied

Defendants' Motions to Dismiss and Motion to Stay as moot. Dkt. 85. On September 26, Defendants moved to dismiss the SAC. Dkt. 88.

## LEGAL STANDARD

"District courts have broad discretion to stay discovery pending the resolution of a potentially dispositive motion, including a motion to dismiss." *In re Netflix Antitrust Litig.*, 506 F. Supp. 2d 308, 321 (N.D. Cal. 2007). To determine whether a stay is warranted, courts in the Northern District of California apply the two-pronged *Pacific Lumber* test. *See, e.g.*, *Reveal Chat Holdco, LLC v. Facebook, Inc.*, 2020 WL 2843369, at *2 (N.D. Cal. Apr. 10, 2020). "First, 'a pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed.'" *Id.* (quoting *Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 220 F.R.D. 349, 352 (N.D. Cal. 2003)). "Second, 'the court must determine whether the pending motion can be decided absent additional discovery.'" *Id.* (quoting *Pacific Lumber*, 2020 F.R.D. at 352). "If the Court answers these two questions in the affirmative, a protective order may issue." *Id.* (quoting *Pacific Lumber*, 2020 F.R.D. at 352). In applying the *Pacific Lumber* test, "the court must take a 'preliminary peek' at the merits," *id.* (quoting *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 602 (D. Nev. 2011)), but a "full evaluation of the motion to dismiss" should wait until after briefing and argument. *Kincheloe v. Am. Airlines, Inc.*, 2021 WL 5847884, at *2 (N.D. Cal. Dec. 9, 2021). And although not strictly one of the *Pacific Lumber* prongs, "courts in this circuit sometimes also consider whether a stay of discovery will promote efficiency or conserve the parties' resources." *Id.* at *1.

## ARGUMENT

"The Ninth Circuit has explained that a stay of discovery is consistent with the purpose of a Rule 12(b)(6) motion to dismiss, which is 'to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery.'" *Braun v. Yahoo*, 2018 WL 10809622, at *2 (N.D. Cal. Mar. 28, 2018) (quoting *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987)). According to the Ninth Circuit, the "sounder practice" is to determine whether a plaintiff can state a claim "before forcing the parties to undergo the expense of discovery." *Id.*

Consistent with these principles, the Court should stay discovery in this action until it rules on Defendants' Motion to Dismiss because that motion is potentially dispositive of the entire case and

can be decided without additional discovery, and because a stay would promote efficiency and conserve resources.

### I. Defendants' Joint Motion to Dismiss is potentially dispositive of the entire case.

The first *Pacific Lumber* prong—whether the motion is potentially dispositive of the entire case—favors a stay. For this factor to support a stay, the motion at issue need only be "*potentially* dispositive." *Reveal Chat Holdco*, 2020 WL 2843369, at *3 (quoting *Pacific Lumber*, 2020 F.R.D. at 352) (emphasis in original). Thus, a motion that raises "strong" or "robust" arguments for dismissal is sufficient for a stay—a "silver bullet defense" is not necessary. *See id.* (concluding that defendant's motion to dismiss was potentially case-dispositive because it "presente[d] strong arguments" that "could prove difficult for [the plaintiffs] to overcome"); *Kincheloe*, 2021 WL 5847884, at *2 (finding that defendant's motion to dismiss was potentially case-dispositive because it "present[ed] robust arguments as to why the single claim asserted against it may be dismissed"); *In re Nexus 6p Prod. Liab. Litig.*, 2017 WL 3581188, at *2 (N.D. Cal. Aug. 18, 2017) (concluding that "although there does not appear to be a "silver bullet" defense," the motion to dismiss was potentially case-dispositive because it "present[ed] strong arguments for dismissal"). Indeed, speculation that a plaintiff could "conceivably" survive the motion is not sufficient to deny a stay. *Kincheloe*, 2021 WL 5847884 at *2 (granting stay while recognizing that the plaintiff's "new allegations" in an amended complaint "could conceivably push them over the edge to a plausible claim"). Furthermore, the possibility that a court might grant leave to amend the complaint does not mean that a motion to dismiss is not "<u>potentially</u> dispositive," as the plaintiff may not be willing or able to cure the pleading deficiencies.

Defendants' Motion to Dismiss is potentially dispositive of Plaintiff's CCPA claim—her only cause of action. The Motion to Dismiss raises three strong arguments. *First*, Defendants argue that Plaintiff has failed to plausibly allege that the relevant conduct occurred on or after the effective date of the CCPA, and because the CCPA does not apply retroactively, this is tantamount to failing to properly plead an element of her claim. Dkt. 88, at 3–5. *Second*, Defendants argue that Plaintiff's allegations fail to plausibly establish that Shift Digital is a "business" as opposed to a "service provider" under the CCPA, and because the CCPA's private right of action cannot be brought against "service providers," Plaintiff has failed to plead that Shift Digital is a proper defendant. *Id.* at 5–7.

*Third*, Defendants argue that Plaintiff has not alleged entitlement to the injunction and declaratory judgment she seeks because she has failed to plead that she has no adequate remedy at law. *Id.* at 7–8. These are robust arguments that could potentially dispose of all or significant aspects of Plaintiff's claims. Thus, this prong favors a stay.

**II.    Defendants' Joint Motion to Dismiss can be decided absent additional discovery.**

The second *Pacific Lumber* factor—whether the motion can be decided without further discovery—also supports a stay. Discovery is not necessary to decide a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) because such a motion challenges only the legal sufficiency of the plaintiff's allegations. *See Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987) ("Discovery is only appropriate where there are factual issues raised by a Rule 12(b) motion."); *Reveal Chat Holdco*, 2020 WL 2843369, at *3 (concluding that the defendant's motion to dismiss could be decided without additional discovery because it was "based solely on the allegations in the [c]omplaint and d[id] not raise any factual issues"); *Kincheloe*, 2021 WL 5847884, at *2 (agreeing with defendant's argument that additional discovery was unnecessary because the motion to dismiss argued that the plaintiff's allegations did not plausibly establish a claim); *Cellwitch, Inc. v. Tile, Inc.*, 2019 WL 5394848, at *2 (N.D. Cal. Oct. 22, 2019) (finding second prong satisfied because "the Court only needs to look at the pleadings in order to issue a decision about its motion to dismiss"). Indeed, "[t]he purpose of Federal Rule of Civil Procedure 12(b)(6) is to enable defendants to challenge the legal sufficiency of a complaint without subjecting themselves to discovery." *Tradebay*, 278 F.R.D. at 601 (citing *Rutman Wine*, 829 F.2d at 738).

Here, Defendants have moved to dismiss the Complaint under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. As set forth above, each of Defendants' three arguments challenge the legal sufficiency of the allegations. Thus, no additional discovery is necessary to decide Defendants' Motion to Dismiss—either Plaintiff has pleaded a plausible claim or she has not—and the second *Pacific Lumber* prong thus supports a stay.

**III.   A stay will promote efficiency and conserve resources.**

A stay is also warranted based on potential efficiency and conservation of resources. In addition to the traditional *Pacific Lumber* prongs, courts in the Northern District of California also

6

DEFENDANTS' NOTICE OF MOTION, JOINT MOTION TO STAY DISCOVERY PENDING ADJUDICATION OF THEIR JOINT MOTION TO DISMISS THE SAC, AND MEMORANDUM OF POINTS AND AUTHORITIES - CASE NO. 4:21-CV-08518-DMR

consider "whether a stay of discovery will promote efficiency or conserve the parties' resources." *Kincheloe*, 2021 WL 5847884, at *1. This factor "recogniz[es] that engaging in discovery prior to adjudication of a strong motion to dismiss [is] a potential waste of resources." *Id.* (quotation omitted). Where a defendant "faces a significant volume" of discovery that may be unnecessary depending on the motion to dismiss ruling, this factor supports a stay. *See id.* at *3 (finding that "efficiency and conservation of the parties' resources . . . favors a stay" pending resolution of a motion to dismiss because the defendant "fac[ed] a significant volume of discovery").

Shift Digital faces a significant volume of discovery in the next few months. Plaintiff demands that a Rule 30(b)(6) deposition of Shift Digital on over two dozen topics occur within three weeks. Many of these topics are expansive and would require Shift Digital to expend substantial resources preparing one or more of its employees to testify about them. For example, Plaintiff seeks testimony on <u>all</u> communications between Shift Digital and VWGoA/Audi related to Shift Digital's products and services—from a business relationship spanning over a decade. *See* Ex. A, ¶ 17. Shift Digital is meeting and conferring with Plaintiff in an effort to appropriately narrow these topics, but any remaining disputes will require the Parties and the Court to expend resources resolving them. Once the scope is set, Shift Digital will need to prepare its representative(s) to testify knowledgeably on the remaining topics—a time-consuming and expensive process. In addition to the Rule 30(b)(6) deposition, Plaintiffs are requesting dates for two more depositions of manager-level employees, which will also cost substantial time and money.

In addition to depositions, Plaintiff is requesting documents. Last week, Plaintiff served 15 Requests for Production on Shift Digital, seeking documents on a wide range of topics. *See* Ex. A. As with the Rule 30(b)(6) deposition topics, many of these requests are overbroad, unduly burdensome, or improper "contention RFPs." For example, RFP No. 6 seeks to force Shift Digital to affirmatively identify and produce all documents that support a potential defense—all before Shift Digital has even filed its Answer. *See, e.g.*, Ex. A, RFP No. 6. The Parties will spend significant time and effort narrowing the scope of these requests, and—if past is prologue—this process will likely include the Court's involvement.

Considering the large volume of potentially unnecessary discovery and related litigation that

will otherwise occur, a stay would promote efficiency and conserve resources. Defendants' Motion to Stay Discovery should be granted for this reason as well.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court stay discovery until it rules on Defendants' Motion to Dismiss.

Dated: September 27, 2022    **WINSTON & STRAWN LLP**

By:   /s/ Sean G. Wieber

Sandra A. Edwards (SBN: 154578)
sedwards@winston.com
Dana L. Cook-Milligan (SBN: 301340)
dlcook@winston.com
WINSTON & STRAWN LLP
101 California Street, 34th Floor
San Francisco, CA 94111-5840
Tel.:    (415) 591-1000
Fax:    (415) 591-1400

Sean G. Wieber (admitted *pro hac vice*)
swieber@winston.com
Kevin Simpson (admitted *pro hac vice*)
kpsimpson@winston.com
James W. Randall (admitted *pro hac vice*)
jwrandall@winston.com
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601-9703
Tel.:    (312) 558-5600
Fax:    (312) 558-5700

*Counsel for Defendant*
*Sanctus LLC d/b/a Shift Digital*

Dated: September 27, 2022    **SQUIRE PATTON BOGGS LLP**

By:   /s/ Marisol C. Mork
Marisol C. Mork (SBN: 265170)
marisol.mork@squirepb.com
SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, CA 90071
Tel.: (213) 624-2500

|   |   |
|---|---|
| 1 | Fax: (213) 623-4581 |
| 2 | Colin R. Jennings (admitted *pro hac vice*) |
| 3 | colin.jennings@squirepb.com |
|   | Kristin L. Bryan (admitted *pro hac vice*) |
| 4 | kristin.bryan@squirepb.com |
|   | SQUIRE PATTON BOGGS (US) LLP |
| 5 | 127 Public Square, 1000 Key Tower |
|   | Cleveland, OH 44114 |
| 6 | Tel.:(216) 479-8500 |
| 7 | Fax: (216) 479-8780 |
| 8 | Jesse Taylor (admitted *pro hac vice*) |
|   | jesse.taylor@squirepb.com |
| 9 | SQUIRE PATTON BOGGS (US) LLP |
|   | 41 South High Street |
| 10 | Columbus, OH 43215 |
|   | Tel.: (614) 365-2700 |
| 11 | Fax: (614) 365-2499 |
| 12 |   |
|   | *Attorneys for Defendants Audi of America, LLC* |
| 13 | *and Volkswagen Group of America, Inc* |

9

DEFENDANTS' NOTICE OF MOTION, JOINT MOTION TO STAY DISCOVERY PENDING ADJUDICATION OF THEIR JOINT
MOTION TO DISMISS THE SAC, AND MEMORANDUM OF POINTS AND AUTHORITIES - CASE NO. 4:21-CV-08518-DMR

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-l(h)(3)**

Pursuant to Civil Local Rule 5-l(h)(3), the filer of this document attests that concurrence in the filing of this document has been obtained from the signatories above.

By: /s/ *Sean G. Wieber*
Sean G. Wieber